IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HORACE HARRIS,

        Plaintiff,

v.                                                   Civil Action No. 3:16-cv-174-JAG

WELLS FARGO BANK N.A., AS TRUSTEE
FOR WAMU MORTGAGE PASS-
THROUGH CERTIFICATES SERIES 2006-
PR-1 TRUST,

        Defendant.

## OPINION

The pro se plaintiff, Horace Harris, brings this wrongful foreclosure case against the defendant, Wells Fargo Bank, National Association ("Wells Fargo"). Harris contests the foreclosure of his home and alleges seven counts including breach of contract, breach of the covenant of good faith and fair dealing, conversion, wrongful acceleration, and intentional infliction of emotional distress. Harris seeks a declaratory judgment invalidating the foreclosure as well as damages of at least 1.4 million dollars. Wells Fargo moved to dismiss Harris's claims pursuant to Fed. R. Civ. P. 12(b)(6). The Court grants the motion to dismiss. *Res judicata*, or claim preclusion, bars Harris's claims because they arise from the same conduct, transaction, or occurrence as a previous case Harris filed challenging the foreclosure of his home.

## I. BACKGROUND

In 2005, Harris took out a mortgage with Washington Mutual Bank FA ("WaMu") by executing a Deed of Trust on 6655 St. Pauls Road ("the Property"). The Deed of Trust secured a Note for $388,297. Harris, his wife, and Keith Coleman signed the Deed of Trust; however, only Coleman signed the Note. In 2006, WaMu formed the WAMU Mortgage Pass-Through

Certificates Series 2006-PR-1 Trust ("the WaMu Trust").  Harris says that WaMu cannot prove that it ever sold the Note to the WaMu Trust.[1]  In 2008, the Federal Deposit Insurance Corporation ("FDIC") took over WaMu.  On August 5, 2013, JPMorgan Chase Bank, National Association ("Chase"), as attorney in fact for the FDIC, executed a Notice of Corporate Assignment of Deed of Trust ("the Assignment"), assigning the Deed of Trust on the Property to Wells Fargo as trustee for the WaMu Trust.  The Assignment shows Chase as the servicer of the Note.  Harris then defaulted on the mortgage, and Wells Fargo appointed a substitute trustee to foreclose on the property.  Wells Fargo bought the property at the foreclosure sale in January 2014, with a credit bid of $388,297.  Harris claims that he never received notice of default or an acceleration warning before the foreclosure, as required by his mortgage.

From the same set of facts, Harris and Mr. Coleman, who is not a party here, sued Chase in this Court in 2014 (the "2014 Litigation").[2]  Harris and Coleman alleged that Chase lacked authority to foreclose on the Property and alleged breach of contract, fraud, and trespass.  Harris and Coleman claimed that (1) they had never entered into a contract with Chase and had not accepted any loan from Chase; and (2) Chase's failure to provide a "wet signature" copy of any assignment of the Note negated Chase's claim to the Note.  Notably, the complaint in the 2014 Litigation specifically alleged that "plaintiffs admit receiving a default notice.  Plaintiffs are without knowledge as to whether the default notice is lawful."  Judge Spencer dismissed Harris's claims on a 12(b)(6) motion.  On May 11, 2016, Harris filed his amended complaint in this case, again challenging the validity of the Assignment.

---

[1] The complaint states that the "defendants appear to claim that the Harris mortgage was sold to the Trust but there is no valid evidence of this."  The plaintiff, however, fails to allege any facts to even suggest that WaMu did not sell the Note to the Trust, and the Court need not resolve the plaintiff's "show me the note" theory, as discussed below.

[2] *Keith Coleman and Horace Harris v. Chase Bank, Jamie Dimon, d/b/a President/CEO*, No. 3:14-cv-00101-JRS (E.D. Va. June 5, 2014).

## II. **STANDARD**

A plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Where, as here, a defendant brings a motion to dismiss for failure to state a claim, the Court must analyze the plaintiff's complaint to determine whether it states sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 (2007)). When considering the complaint itself, courts must accept all allegations as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

In certain circumstances, a court may look beyond the complaint itself and (1) take judicial notice of public records, such as state court records, and (2) consider documents submitted by the movant if the documents are integral to the complaint and indisputably authentic. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165 (4th Cir. 2016).

In cases where the plaintiff appears pro se, or without an attorney, courts do not expect the plaintiff to frame legal issues with the clarity and precision expected from lawyers. Accordingly, courts construe pro se complaints liberally. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) Courts do not, however, need to discern the unexpressed intent of the plaintiff or conjure up issues on the plaintiff's behalf. *See Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006); *Beaudett*, 775 F.2d at 1276.

### III. DISCUSSION

Harris brings seven counts in his complaint: Count I: breach of contract;  Count II: breach

of the covenant of good faith and fair dealing; Count III: conversion;  Count IV: conversion of an

instrument;  Count V: wrongful acceleration;  Count VI: negligent or intentional infliction of

emotional distress ("NIED" or "IIED"); and Count VII: declaratory judgment the sale was void

*ab initio.*  As stated below, *res judicata* bars these claims and, even if *res judicata* did not bar

them, Harris's complaint fails to state a claim for all counts except counts one and five for breach

of contract.

#### A. Res Judicata Bars the Plaintiff's Suit

*Res judicata*, or claim preclusion, bars the plaintiff's asserted claims.  The Court applies

Virginia's *res judicata* laws.  *See Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 218 (4th Cir.

2006) ("[T]he preclusive effect, if any, of the first action on the second action should have been

decided under the res judicata law of the state of Virginia—the law of the state where the federal

district court sat in the first action.") (citation omitted).  Under Virginia law amended in 2006:

> A party whose claim for relief arising from identified conduct, a transaction, or an
> occurrence, is decided on the merits by a final judgment, shall be forever barred
> from prosecuting any second or subsequent civil action against the same opposing
> party or parties on any claim or cause of action that arises from that same conduct,
> transaction or occurrence, whether or not the legal theory or rights asserted in the
> second or subsequent action were raised in the prior lawsuit . . . .

*Raley v. Haider*, 286 Va. 164, 170, 747 S.E.2d 812, 815 (2013) (citing Va. Sup. Ct. R. 1:6).  A

"party" includes "all named parties and those in privity."  Va. Sup. Ct. R. 1:6.[3]

Virginia's amended *res judicata* statute bars an action that (1) arises from that same

conduct, transaction, or occurrence, whether or not the legal theory or rights asserted in the

---

[3] *See also Haider*, 286 Va. at 170, 747 S.E.2d at 815 ("A party to the present suit, to be barred by
the doctrine [of res judicata], must have been a party to the prior litigation, or represented by
another so identified in interest with him that he represents the same legal right.") (citation
omitted).

second or subsequent action were raised in the prior suit, (2) has been previously decided on the merits by a final judgment, and (3) contains the same parties or parties in privity to those from the prior suit. *See Houmadi v. U.S. Bank Nat. Ass'n*, No. 1:14-CV-997-CMH, 2014 WL 5092624, at *1 (E.D. Va. Sept. 26, 2014). "The party asserting *res judicata* as a defense must prove by a preponderance of the evidence that a claim is precluded by a prior judgment." *Id.* (citing *Smoak*, 441 F.3d at 219). Here, Harris's claims satisfy all of the requirements of *res judicata* by a preponderance of the evidence.

### *i. This Case Arises from the Same Occurrence as the 2014 Litigation*[4]

Harris's claims arise from the same conduct, transaction, or occurrence as in the 2014 Litigation. In 2006, the Virginia legislature intentionally broadened the scope of claims barred by *res judicata*, amending the law to bar those claims arising out of "the same conduct, transaction, or occurrence as the previously litigated claim, rather than merely those with 'the same cause of action asserted in the former proceeding.'" *Martin-Bangura v. Virginia Dep't of Mental Health*, 640 F. Supp. 2d 729, 738 (E.D. Va. 2009). Further, "while some leniency can be afforded to Plaintiff because the first suit was filed pro se, Plaintiff's previous pro se status is not sufficient to overcome the precluding effect of the Court's judgment on her three previous Complaints." *Chisholm v. Epps*, No. 3:16-CV-00078-GCM, 2016 WL 3452751, at *4 (W.D.N.C. June 21, 2016).

The plaintiff brought the 2014 Litigation against Chase challenging Chase's legal right to foreclose on the Property. At that time, WaMu had already assigned the Deed of Trust to Wells

---

[4] "When entertaining a motion to dismiss on the ground of *res judicata,* a court may take notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Nabaya v. Stark*, No. 3:13CV218-HEH, 2013. Wells Fargo's *res judicata* defense here does not rely on any disputed facts between the two cases and this Court therefore takes notice of the 2014 Litigation.

Fargo. All of Harris's current claims existed at the time of the 2014 Litigation, and both cases arose from the same set of circumstances—the chain of assignments of the Deed of Trust from WaMu to Wells Fargo and the foreclosure proceedings. Thus, Harris could have brought these claims in the previous suit, satisfying the first element of *res judicata*.

### ii. Judge Spencer Decided the 2014 Litigation on the Merits

This Court entered a final judgment on the merits in the 2014. First, under federal law and Virginia law, an order granting a motion to dismiss for failure to state a claim (called a demurrer under state law) constitutes a decision on the merits. *See Nabaya v. Stark*, No. 3:13CV218-HEH, 2013 WL 2484661, at *3 (E.D. Va. June 10, 2013) ("A dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' for the purposes of res judicata."); *Carter v. Brooks*, 77 Va. Cir. 363 (2009) (explaining that "[a] decision of an issue of law on a demurrer is a decision on the merits and constitutes res adjudicata [sic] as to any other proceedings where the same parties and the same issues are involved" so long as the decision contains "dismissal language making the order final") (citation omitted). Second, an order such as Judge Spencer's which does not say whether it dismisses a claim with or without prejudice dismisses a case with prejudice. *Parrish v. Journigan*, 875 F.2d 316 (4th Cir. 1989) ("As the order dismissing Parrish's suit did not indicate whether dismissal was with or without prejudice, the dismissal is deemed to be with prejudice.") Judge Spencer, therefore, entered a final judgment on the merits for the purposes of *res judicata*.

### iii. Privity Exists Between Chase and Wells Fargo

Harris's allegations satisfy the final element of *res judicata* because Wells Fargo and Chase are in privity. Under Virginia law, "[t]here is no single fixed definition of privity for purposes of res judicata. Whether privity exists is determined on a case by case examination of

the relationship and interests of the parties." *Haider*, 286 Va. at 172, 747 S.E.2d at 816. "The touchstone of privity for purposes of *res judicata* is that a party's interest is so identical with another that representation by one party is representation of the other's legal right." *Id.* When a mortgage servicer such as Chase acts on behalf of a lender or mortgagee to effect collection of payments, "it will be a rare case in which those two parties are not perfectly identical with respect to successive suits arising out of the same transaction." *Buzzell v. JP Morgan Chase Bank*, No. 3:13-CV-668, 2014 WL 3767118, at *6 (E.D. Va. July 31, 2014) (citations omitted).

In Harris's two cases attacking the validity of the foreclosure proceedings, privity exists between Chase, the servicer of the Loan and the prior defendant in the 2014 Litigation, and WaMu, the trustee of the Trust which owns the Deed of Trust. WaMu therefore meets its burden of showing, by a preponderance of the evidence, that *res judicata* bars the plaintiff's claims.

### B. The Complaint Otherwise Fails to State Claims upon which Relief can be Granted

Even if *res* judicata did not bar Harris's claims, his complaint still fails to state a claim. First, as a preliminary matter, for any claims related to the securitization of Harris's mortgage, such securitization did not alleviate his obligations on the Note. *Webb v. EquiFirst Corp.*, No. 7:15-CV-00413, 2016 WL 1274618, at *5 (W.D. Va. Mar. 31, 2016) (collecting cases). Next, any "show me the note" claim contesting a defendants' standing to foreclose fails under Virginia law. *Id.* at *7 (citing *Gallant v. Deutsche Bank Nat'l Trust Co.*, 766 F. Supp. 2d 714, 720 (W.D. Va. 2011)). Moving to Harris's numbered Counts, under Count two, Virginia does not recognize claims for the breach of the covenant of good faith and fair dealing in real estate contracts. *Harrison v. US Bank Nat. Ass'n*, No. 3:12-CV-00224, 2012 WL 2366163, at *2 (E.D. Va. June 20, 2012). Next, under counts three and four for conversion and conversion of an instrument, Harris attacks the validity of assignments of the Deed of Trust. Harris, however, lacks standing

to challenge these assignments because he does not allege that he was a party or intended beneficiary of those assignments. *Nat'l Mortg. Ass'n*, 512 Fed. App'x 336, 342 (4th Cir. 2013). Count six for IIED and NIED also fails because Wells Fargo acted within its legal rights, which is not outrageous and intolerable conduct as required under the law. *Harris v. Kreutzer*, 271 Va. 188, 203, 624 S.E.2d 24, 33 (2006).

Harris's complaint argues that he never received a notice of default, leading to his breach of contract and wrongful acceleration claims in counts one and five, but, as discussed above, the law required Harris to bring that claim in his prior case. Further, the Court has doubts that these claims could survive the defendant's motion to dismiss. First, Harris alleged in the 2014 Litigation that he had received a notice of default, which conflicts with the allegation here. Next, the Court has found no precedent in Virginia law recognizing a wrongful acceleration claim.

## IV.  CONCLUSION

*Res judicata* bars Harris's claims, and the Court grants the defendant's motion to dismiss and dismisses Harris's amended complaint with prejudice.

An appropriate Final Order shall issue.

Let the Clerk send a copy of this Order to all counsel of record and to the pro se plaintiff via U.S. mail.

Date: March 3, 2017
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge